**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| NA'QUYAN DEMMONS, | : | Case No. 1:19-cv-718 |
|    Plaintiff, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | Magistrate Judge Karen L. Litkovitz |
| STATE OF OHIO, | : | |
|    Defendant. | : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 4)**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on September 11, 2019, submitted a Report and Recommendation, recommending that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (Doc. 4). Plaintiff filed objections to the Report and Recommendation on September 20, 2019. (Doc. 5).[1]

---

[1] "The filing of objections provides the district court with the opportunity to consider the *specific* contentions of the parties and to correct any errors immediately." *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) (emphasis added). "A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[] to the report and recommendation and refer[] to several of the issues in the case.'" *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). In other words, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). In his objections, Plaintiff merely asserts that he "is compe[]tent" and asks "Magistrate Judge [Litkovitz] to not dismiss[] [his] complaint." (Doc. 5 at 1). These generalized contentions fail to constitute "<u>specific</u> written objections." Fed. R. Civ. P. 72(b)(2) (emphasis added). Moreover, upon *de novo* review, the Court finds that the Magistrate Judge's recommendations are thorough and accurate, and, accordingly, **Plaintiff's objections are overruled**.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court finds that the Report and Recommendation (Doc. 4) should be and is hereby adopted in its entirety.

Accordingly, for the reasons stated above:

1. Plaintiff's objections to the Report and Recommendation (Doc. 5) are **OVERRULED**;

2. The Report and Recommendation (Doc. 4) is **ADOPTED**;

3. Plaintiff's complaint (Doc. 1) is **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1);

4. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court; and

5. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith and therefore **DENIES** Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: 1/8/20

Timothy S. Black
United States District Judge